UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WRIGHT,<br>　　　　Plaintiff,<br>　　v.<br>CONTRA COSTA COUNTRY, et al.,<br>　　　　Defendants. | Case No. 22-cv-01896-HSG<br>**ORDER OF DISMISSAL** |

Plaintiff, an inmate housed at San Quentin State Prison, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His complaint (ECF No. 1) is now before the Court for review under 28 U.S.C. § 1915A. His request for leave to proceed *in forma pauperis* has been granted in a separate order.

## DISCUSSION

### A. Standard of Review

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity, or from an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b) (1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the

grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Discussion**

Plaintiff is incarcerated pursuant to a criminal conviction and sentence in Contra Costa County Superior Court for aggravated sexual assault of a child (Cal. Penal Code §§ 269(a)(1)(4), 261(a)(2) (2020), Cal. Penal Code § 288(c)(2) (2018)); lewd and lascivious acts upon a child (Cal. Penal Code § 288(b)(1), (c)(1)); and forcible rape (Cal. Penal Code § 261(a)(2)).  *People v. Wright*, C No. A152280, 2020 WL 968357, at *1 (Cal. Ct. App. Feb. 28, 2020).  The jury convicted Plaintiff on fourteen counts.  Plaintiff challenged his conviction and sentence on direct appeal.  *Wright*, 2020 WL 968357.  The state appellate court reversed the convictions on counts 3, 4, and 10 because, while the evidence was sufficient to establish that the acts of forcible oral copulation charged in these counts happened, the evidence was insufficient to prove the element of the victim's age as required in these counts.  *Wright*, 2020 WL 968357, at *7.  The state appellate court remanded the case to the trial court for resentencing consistent with its opinion but affirmed the judgment in all other aspects.  *Id.* at *10.

This 42 U.S.C. § 1983 action names as defendants Contra Costa County, Contra Costa County District Attorney Diana Becton, Contra Costa County District Attorney Mark Petterson, and Contra Costa County Assistant District Attorney Bell.  Plaintiff alleges that his conviction and sentence are unconstitutional because defendant Bell presented insufficient evidence to support the convictions in violation of the Fourteenth Amendment, committed prosecutorial misconduct, and

1 presented testimonial hearsay in violation of *Crawford*; and that his sentence was substantially
2 disproportionate in violation of the Eighth Amendment's prohibition on cruel and unusual
3 punishment. The alleged instances of prosecutorial misconduct are as follows: using prejudicial
4 and inadmissible bad character evidence, presenting testimonial hearsay, arguing in closing that
5 the uncharged bad character evidence and testimonial hearsay could be used to determine the
6 charged offense, and misstating both the facts and the law in her closing. Plaintiff alleges that
7 defendant Contra Costa County is liable under a theory of municipal liability, and that Contra
8 Costa County District Attorneys Diana Becton and Mark Petterson are liable under a theory of
9 supervisory liability. Plaintiff seeks $15 million in compensatory damages and $15 million in
10 punitive damages against each defendant, costs for bringing suit, and any additional relief that is
11 just, proper and equitable. *See generally* Dkt. No. 1.

12 The instant action is DISMISSED with prejudice because it is barred by *Heck*, because
13 defendant Bell is entitled to prosecutorial immunity, and because no cognizable claim has been
14 stated against defendants Contra Costa County, Becton and Petterson under either the theories of
15 supervisory liability or municipal liability.

16 Pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), a court must dismiss a Section 1983
17 action where the plaintiff's success in the action would necessarily imply the invalidity of the
18 plaintiff's conviction or sentence, and the conviction or sentence has not yet been invalidated. *Id*.
19 at 486–87. Where the conviction or sentence has not yet been invalidated, the Section 1983 suit is
20 barred no matter the relief sought (damages or equitable relief) and no matter the target of the suit
21 (conduct leading to conviction or internal prison proceedings), *see Wilkinson v. Dotson*, 544 U.S.
22 74, 81–82 (2005), and the suit should be dismissed, *see Edwards v. Balisok*, 520 U.S. 641, 649
23 (1997). Only three of the counts against Plaintiff were invalidated, and those counts were
24 invalidated only as to the age element. The state appellate court found that there was sufficient
25 evidence that Plaintiff committed the charged acts but that there was insufficient evidence
26 presented as to the victim's age at the time of the criminal acts charged in counts 3, 4 and 10. The
27 remaining counts were affirmed by the state appellate court. To the extent that Plaintiff's
28 arguments relate to counts 1, 2, 5-9, and 11-14, these arguments are barred by *Heck* because these

3

counts have not yet been invalidated.[1]

To the extent that Plaintiff's arguments relate to counts 3, 4, and 10, these counts also fail as a matter of law.  Plaintiff's claims against defendant Bell are barred by judicial immunity.  A state prosecuting attorney enjoys absolute immunity from liability under 42 U.S.C. § 1983 for his or her conduct in "pursuing a criminal prosecution," including "initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976).  Plaintiff's challenge to Defendants' prosecution of him is akin to a malicious prosecution claim, and it is well-established that malicious prosecution claims against a prosecutor pursuant to Section 1983 are barred by prosecutorial immunity.  *Milstein v. Cooley*, 257 F.3d 1004, 1008–09 (9th Cir. 2001).  Plaintiff's claims against defendants Becton and Petterson fail because there is no supervisory liability under Section 1983.  *See Mortimer v. Baca*, 594 F.3d 714, 721 (9th Cir. 2010) (no respondeat superior liability under § 1983, i.e., liability solely because defendant is supervisor or otherwise responsible for actions or omissions of another).  Plaintiff's claim against defendant Contra Costa County fail because defendants Bell, Becton and Petterson did not violate Plaintiff's constitutional rights.  *Ellins v. City of Sierra Madre*, 710 F.3d 1049, 1066 (9th Cir. 2013) ("Under *Monell [v. Dep't of Soc. Svcs.*, 436 U.S. 658 (1978)], municipalities are subject to damages under § 1983 in three situations: when the Plaintiff was injured pursuant to an expressly adopted official policy, a long-standing practice or custom, or the decision of a 'final policymaker.'").

Accordingly, this action will be DISMISSED for failure to state a claim.  The dismissal is with prejudice because amendment would be futile.  *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (futility of amendment is basis for denial of leave to amend).

//

---

[1] Plaintiff's arguments challenge the validity of his confinement, not the conditions of his confinement.  Plaintiff's claims should therefore be raised in a habeas corpus petition, and not in a 42 U.S.C. § 1983 civil rights action.  *Hill v. McDonough*, 547 U.S. 573, 579 (2006) ("'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983.  Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus.' . . . An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983.") (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004)).

**CONCLUSION**

For the foregoing reasons, this action is DISMISSED for failure to state a claim upon which relief may be granted. The Clerk of the Court shall issue judgment and close the file.

**IT IS SO ORDERED.**

Dated: 5/2/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge